United States District Court

Eastern District of California

LeShane J. Holmes,

    Plaintiff,   No. Civ. S 04-1308 DFL PAN P

  vs.   Findings and Recommendations

Steve Teer,

    Defendant.

-oOo-

Plaintiff proceeds in forma pauperis and without counsel in this civil rights action. See 42 U.S.C. § 1983. Defendant Teer moves to dismiss upon the ground plaintiff fails to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6).

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept plaintiff's allegations as true, read the complaint most favorably to plaintiff, give plaintiff the benefit of every reasonable inference that appears from the pleading and argument of the case and dismiss the complaint only if it is

1  clear that no relief could be granted under any set of facts that
2  could be proved consistent with the allegations.  <u>Wheeldin v.</u>
3  <u>Wheeler</u>, 373 U.S. 647, 658 (1963); <u>Retail Clerks International</u>
4  <u>Association, Local 1625, AFL-CIO v. Schermerhorn</u>, 373 U.S. 746,
5  754 n.6 (1963); <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73
6  (1984).  The court may consider documents attached to the
7  complaint in evaluating a motion to dismiss.  <u>Parks School of</u>
8  <u>Business, Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).
9       Plaintiff's complaint alleges that while supervising
10 plaintiff defendant Teer discriminated against plaintiff because
11 of plaintiff's race by belittling plaintiff, assigning to
12 plaintiff menial tasks while assigning more difficult tasks to
13 others less qualified than he, refusing to verify the hours
14 plaintiff worked so plaintiff would be replaced by a white
15 prisoner, replacing plaintiff with a white prisoner, and
16 excluding plaintiff from a list of "critical workers" released
17 from lock-down to perform essential prison tasks.  These
18 allegations state a claim for the denial of equal protection
19 under the law.  <u>See</u> <u>City of Cleburne, Tex. v . Cleburne Living</u>
20 <u>Center</u>, 473 U.S. 432 (1985; <u>Barren v. Harrington</u>, 152 F.3d 1193,
21 1194 (1998).
22      Plaintiff's complaint also alleges defendant Teer fired
23 plaintiff in retaliation for plaintiff filing an appeal about
24 Teer's conduct.  This allegation states a claim for retaliation.
25 <u>See</u> <u>Rhodes v. Robinson</u>, 408 F.3d 559 (9th Cir. 2005).
26 ////

1     For these reasons, I find plaintiff states a claim upon
2 which relief may be granted.  Defendant's December 20, 2004,
3 motion should be denied and defendant should be directed to file
4 and serve an answer within 30 days.
5     Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
6 findings and recommendations are submitted to the United States
7 District Judge assigned to this case.  Written objections may be
8 filed within 20 days of service of these findings and
9 recommendations.  The document should be captioned "Objections to
10 Magistrate Judge's Findings and Recommendations."  The district
11 judge may accept, reject, or modify these findings and
12 recommendations in whole or in part.
13     Dated:  August 17, 2005.

                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge

26 \holm1308.f&r mtd fsc