1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LESHANE J. HOLMES,

11              Plaintiff,              No. CIV S-04-1308 DFL PAN P

12        vs.

13   STEVE TEER,

14              Defendant.             <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner seeking relief pursuant to 42 U.S.C. § 1983.  The

17   complaint alleges that while supervising plaintiff defendant Teer discriminated against plaintiff

18   because of plaintiff's race by belittling plaintiff, assigning plaintiff to menial tasks while

19   assigning less qualified prisoners to more difficult tasks, refusing to verify plaintiff's work hours,

20   replacing plaintiff with a white prisoner and excluding plaintiff from a list of 'critical workers"

21   released from lockdown to perform essential tasks.  On January 13, 2006, plaintiff filed a motion

22   to compel production of documents pursuant to Federal Rules of Civil Procedure 34(b) and

23   37(a)(2)(B).  On February 1, 2006, defendant filed an opposition.  Discovery closes June 23,

24   2006.

25              STANDARD FOR MOTION TO COMPEL

26        Parties may obtain discovery regarding any matter, not privileged, that is relevant

to the claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).  Information sought need not be admissible at trial if it is reasonably calculated to lead to the discovery of admissible evidence. Id.  The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2).

Any party may request any other party to produce for inspection documents including writings, drawings, graphs, charts or data compilations.  Fed. R. Civ. P. 34(a).  The requesting party must identify the items to be produced and the party upon whom the request is made must make a written response stating that inspection will be permitted as requested, unless the party  objects and states the basis therefor.  Fed. R. Civ. P. 34(b).

A party may move for an order compelling discovery with respect to objections or other failure to respond to requests to produce documents.  Fed. R. Civ. P. 37(a)(2)(B), 34(b).

ANALYSIS

Plaintiff seeks an order finding defendant waived all objections upon the ground defendant failed to respond to plaintiff's request within thirty days of service thereof pursuant to Rule 34(b).  However, Rule 34(b) permits court to direct a shorter or longer time for responses. The court's discovery order, filed October 19, 2005, allowed the parties forty-five days to respond to discovery requests.  Also, defendant Teer had three additional days pursuant to Fed. R. Civ. P. 6(a).

Plaintiff served the request by mail November 3, 2005, and defendant Teer timely served a response December 21, 2005.

Plaintiff's motion on this ground is denied.

The court now turns to defendant's objections, addressed seriatim.

Request Number 1

Plaintiff seeks "[a]ny and all grievances, memorandums [sic], letters, complaints,

1   or other such documents received by the defendant at California State prison-Solano (CSP-

2   Solano) concerning the termination of plaintiff's apprenticeship and employment with Inmate

3   Day Labor (I.D.L.) and any memoranda, investigative files, letters, complaints, greivances [sic],

4   or other documents created in response to such documents from September 4, 2003 to present."

5          Defendant objects that the request is overbroad and burdensome.  Federal courts

6   reject claims of burdensomeness which are not supported by a specific, detailed showing, usually

7   by affidavit, of why weighing the need for discovery against the burden it will impose permits the

8   conclusion that court should not allow it.  See Natural Resources Defense Council v. Curtis, 189

9   F.R.D. 4  (D.D.C.1999).  Defendant does not substantiate the objection.

10         Defendant's objection is overruled.

11         Defendant objects that the phrase, "termination of plaintiff's apprenticeship and

12   employment with Inmate Day Labor (I.D.L.)" is vague and ambiguous.  The phrase speaks for

13   itself.

14         Defendant's objection is overruled.

15         Defendant objects that plaintiff seeks documents outside the scope of discovery.

16         This objection is overruled.  See Fed. R. Civ. P. 26(b)(1); See  Hallett v. Morgan,

17   296 F.3d 732, 751 (9th Cir. 2002) (district courts have broad discretion to decide questions of

18   relevance for purposes of discovery).

19         Defendant objects that plaintiff seeks privileged information.  A party opposing

20   the production of documents upon the ground the information sought is privileged may not rely

21   upon "boilerplate objections or blanket refusals."  Burlington Nortthern & Santa Fe Ry. Co. v.

22   United States District Court for the District of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005).

23   Instead, a party must "describe the nature of the documents, communications, or things not

24   produced or disclosed in a manner that, without revealing information itself privileged or

25   protected, will enable other parties to assess the applicability of the privilege or protection."  Fed.

26   R. Civ. P. 26(b)(5).  Defendant's objection is a blanket refusal to produce the documents.

1    Defendant's objection is overruled.

2    Defendant objects that he cannot provide documents prepared during an internal

3 investigation about the matter because he is unaware any were prepared and if they existed he

4 would not be able to obtain them.

5    Insofar as documents are within defendant's possession, custody or control, he

6 must determine whether they exist and produce them.  See Fed. R. Civ. P. 34.

7    Accordingly, defendant Teer must supplement his response to this request.

8    Defendant objects to producing documents related to plaintiff's administrative

9 appeals because they are equally available to plaintiff.  Defendant has not shown the burden or

10 expense of producing the documents outweighs their likely benefit.  Insofar as they are within his

11 possession, custody or control he must produce them.  See Fed. R. Civ. P. 26(b)(2), 34(a).

12    Defendant Teer must supplement his response or produce the documents.

13 Request Number 2

14    Plaintiff seeks "[a]ny and all statutes policies, procedures, memoranda,

15 institutional forms, directives, or instructions given to defendant concerning CSP-Solano

16 institutional Inmate/Staff training relating to discrimination, sexual harassment, overfamiliarity

17 and any other such unlawful conduct as related to staff employment at CSP-Solano."

18    Defendant Teer objects  the request is overbroad and unduly burdensome, seeks

19 documents outside the scope of discovery and seeks information equally available to plaintiff.

20    Defendant Teer's objection is sustained in part.  See Fed. R. Civ. P. 26(b)(1);

21 Natural Resources Defense Council v. Curtis, supra.

22     Defendant Teer must produce documents concerning his training within the

23 California Department of Corrections and Rehabilitation relating to racial discrimination.

24 Request Number 3

25    Plaintiff seeks "[a]ny and all documents, statutes, policies, directives, or

26 instructions governing staff progressive disciplinarymeasures by defendant from September 4,

1   2003, to the present at CSP-Solano."

2          Defendant objects the request seeks documents that are outside the scope of

3   discovery.

4          Defendant's objection is sustained.  <u>See</u> Fed. R. Civ. P. 26(b)(1).

5   <u>Request Number 4</u>

6          Plaintiff seeks, "[a]ny and all documents created by defendant and any I.D.L. staff

7   member in response to greivances [sic] filed by plaintiff concerning plaintiff's apprenticeship

8   status and concerning plaintiff's termination of employment with I.D.L. at CSP-Solano."

9          Defendant objects the request is unduly burdensome, seeks documents outside the

10  scope of discovery and are available to plaintiff.

11         Defendant's objection is overruled.  <u>See</u> Fed. R. Civ. P. 26(b), 34(a); <u>See</u> <u>National</u>

12  <u>Rescources Defense Council v. Curtis</u>, <u>supra</u>.

13  <u>Request Number 5</u>

14         Plaintiff seeks "[a]ny and all logs, lists, documents, files, or other documentation

15  supplied to I.D.L. management staff by defendant at CSP-Solano from the period of October 1,

16  2003, to the date of your response."

17         Defendant objects that the request seeks documents that are outside the scope of

18  discovery.

19         Defendant's objection is sustained.  <u>See</u> Fed. R. Civ. P. 26(b)(1).

20  <u>Request Number 6</u>

21         Plaintiff seeks "[a]ny and all memoranda, documents, institutional instructions,

22  policies, procedures, union instructions, union bylaws, or other documentation governing

23  defendant's duties and obligations as a journeyman electrician supervising apprentices in

24  accordance with California State Department of Industrial Relations Apprenticeship standards;

25  California State Business and professions Code standards; and California State Government

26  Code, laws and standards."

1    Defendant objects that this request seeks documents outside the scope of

2    discovery.

3    Defendant's objection is sustained.  See Fed. R. Civ. P. 26(b)(1).

4    Request Number 7

5    Plaintiff seeks "[a]ny and all documents pertaining to California apprenticeship

6    rights, standards, bylaws, and agreements that defendant was obligated to adhere to."

7    Defendant objects that this request seeks documents outside the scope of

8    discovery.

9    Defendant's objection is sustained.  See Fed. R. Civ. P. 26(b)(1).

10   Request Number 8

11   Plaintiff seeks "[a]ny and all International Brotherhood of Electrical Works

12   (I.B.E.W.) Union rules, regulations, bylaws, directives, and instructions , as well as Local

13   I.B.E.W. #180 in Vallejo, Ca. Rules, regulations, bylaws, instruction [sic], and directives

14   governing apprenticeship that defendant was to adhere to."

15   Defendant objects that this request seeks documents outside the scope of

16   discovery.

17   Defendant's objection is sustained.  See Fed. R. Civ. P. 26(b)(1).

18   Request Number 9

19   Plaintiff seeks "[a]ny and all documents, policies and procedures, or other

20   documentation of defendant's local union rules, regulations, and bylaws governing the

21   prohibition of discrimination, racial or otherwise, in employment of registered apprentices."

22   Defendant objects that this request seeks documents outside the scope of

23   discovery.

24   Defendant's objection is sustained.  See Fed. R. Civ. P. 26(b)(1).

25   /////

26   /////

1    Request Number 10

2            Plaintiff seeks "[a]ny and all documentation as to California Code of Regulations

3    governing defendant's obligations as a journeyman electrician to record, document, or otherwise

4    verify plaintiff's apprenticeship on-the-job hours in accordance with California Code of

5    Regulations, Title 8 directives."

6            Defendant objects this request is vague, seeks information outside the scope of

7    discovery and seeks information available to plaintiff.

8            Defendant's objections are overruled.  See Fed. R. Civ. P. 26(b), 34(a).

9    Defendant shall produce documents describing defendant's obligation to verify and record

10   plaintiff's work hours while plaintiff was an apprentice.

11   Request Number 11

12           Plaintiff seeks "[a]ll documentation utilized by defendant under California Labor

13   Code, Chapter 4, to terminate plaintiff's apprenticeship and employment."

14           Defendant objects the request is vague, defendant did not terminate plaintiff's

15   employment, the request seeks information outside the scope of discovery and seeks information

16   available to plaintiff.

17           Defendant's objections are overruled.  See, Fed. R. Civ. P. 26(b), 34(a).

18   Request Number 12

19           Plaintiff seeks "[a]ny and all documentation regarding policies, procedures,

20   statutes, standards, and determinations under the State of California Plan for Equal Opportunity

21   in Apprenticeship utilized by defendant."

22           Defendant objects that the request seeks documents outside the scope of

23   discovery.

24           Defendant's objection is sustained.  See Fed. R. Civ. P. 26(b)(1).

25   /////

26   /////

Request Number 13

Plaintiff seeks "[a]ny and all documentation regarding rules, regulations, or policies established by CSP-Solano's apprenticeship program sponsorship of plaintiff's apprenticeship agreement."

Defendant objects that this request seeks documents outside the scope of discovery.

Defendant's objection is sustained.  See Fed. R. Civ. P. 26(b)(1).

Request Number 14

Plaintiff seeks [a]ny and all documentation or determinations made by CSP-Solano's apprenticeship committee or apprenticeship coordinator utilized by defendant to terminate plaintiff's apprenticeship agreement and employment with I.D.L."

Defendant objects that this request is vague, unduly burdensome and seeks information outside the scope of discovery.  Without waiving his objections, defendant attached documents responsive to the request.

Defendant's objections are overruled.  See Fed. R. Civ. P. 26(b)(1); Natural Resources Defense Council v. Curtis, supra.

Request Number 15

Plaintiff seeks [a]ny and all documentation relating to any investigation by either I.D.L. staff management or CSP-Solano administrative staff to verify allegations by defendant from September 4, 2003 to the date of your response."

Defendant objects that the request is compound, burdensome, seeks information that is privileged and seeks information outside defendant's possession.  Without waiving his objections, defendant asserts that after reasonable search of readily obtainable documents, he found no responsive documents.

Defendant's objections are overruled.  He shall supplement his response insofar as he is required by Rule 26(e).

1
Accordingly, IT IS HEREBY ORDERED that:

2
1.  Plaintiff's January 13, 2006, motion to compel is granted and denied as set

3
forth above; and

4
2.  No later than June 23, 2006, defendant Teer shall comply with this order.

5
DATED:  May 26, 2006.

6

7

UNITED STATES MAGISTRATE JUDGE

8

9
/004/001; holm1308.mtc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26