IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESHANE J. HOLMES,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>STEVE TEER,<br><br>　　　　　　　Defendant. | No. 2:04-cv-01308-JKS-EFB<br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 in the California Superior Court, Solano County.  The action was removed to this Court and referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.[1]

　　　　On August 29, 2007, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the Findings and Recommendations.

　　　　Distilled to their essence, Plaintiff's objections are basically two-fold: (1) that the Magistrate Judge misapplied the standard to be applied to a motion for summary judgment; and (2) that the comment Plaintiff "would do better in the trade as a black female" exhibited sufficient racial bias to warrant submission to the jury.  In addition, Plaintiff requests the Court take judicial notice of the records of a hearing before the California Department of Industrial Relations.  There being no objection, the Court will grant the request to take judicial notice.

---

　　　　[1] The Court also notes that subsequent to filing this action, Plaintiff filed another action in the Solano Superior Court that was also removed to this district, *Holmes v. Woodford*, 2:04-cv-2377-LKK, in which Defendant is one of 10 named defendants.  Plaintiff raises the same issues in that action as are raised in this action.  Defendant has filed a motion to stay proceedings in that case pending a determination of the outcome in this case.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.[2]

Plaintiff misconstrues the standard to be applied in ruling on a motion for summary judgment.  It is true that the moving party, in this case the Defendant, has the burden of establishing a lack of a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).  It is also true the evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  In order to show that a genuine issue of material fact exists, a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.  *Id*.  Material facts are those which may affect the outcome of the case.  *Id*.  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.  *Id.*  However, there is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.  *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).  Instead, it generally accepts as true statements made under oath.  *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005).  However, this rule does not apply to conclusory statements unsupported by underlying facts.  *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990).  Nor may the court draw unreasonable inferences from the evidence.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir. 1988).

---

[2] The Magistrate Judge has thoroughly discussed the pertinent facts and issues and the discussion of the facts and issues in this order is limited to those relevant to the objections raised and to put them in context.

In this case, the sole direct evidence of racial bias is the statement Plaintiff "would do better in the trade as a black female."[3] No matter how one views that comment, it is not probative of the fact the Defendant harbored any racial animus towards blacks; at best, from Plaintiff's perspective, it is ambiguous. If it were unambiguous, even though isolated, it would be sufficient to withstand Defendant's motion for summary judgment. *See Dominquez-Curry*, 424 F.23d at 1039. While a rational jury may logically infer that Defendant disliked Plaintiff and was hostile towards him, no rational jury could reasonably infer that it was based upon a racial animus.

Plaintiff offered no other direct evidence that Defendant acted out of racial animus. To establish a *prima facie* case of discrimination under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), Plaintiff must show that: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subjected to an adverse employment action; and (4) similarly situated prisoners of other races were treated more favorably. There does not appear to be any dispute that the first three elements are present. It is on the fourth element that Plaintiff's case flounders. It is undisputed that the work crew from which Plaintiff alleges he was wrongfully excluded consisted of two Caucasians, another Afro-American, and a Hispanic. Subsequently, another Caucasian was added to the crew. While Plaintiff alleges that the new member was less qualified, Plaintiff offers no evidence to support his conclusory statement. Moreover, evidence submitted by Plaintiff shows that Defendant was dissatisfied with Plaintiff's work ethic and safety concerns. While Plaintiff contends that the alternative, nondiscriminatory reasons given are merely pre-textual, Plaintiff provides no evidence that even tangentially supports his conclusory statement.

The Court has reviewed the transcript of the proceedings before the California Department of Industrial Relations. There is nothing in that transcript that supports Plaintiff's federal claims. The testimony in those proceedings addresses the manner in which the apprenticeship program is administered and Plaintiff's rights, if any, under an indentured apprenticeship program, a matter of state contract and labor relations law. It does not mention

---

[3] The other statement, that Defendant "would not authorize a jail-house electrician," while perhaps indicative of a personal animosity towards Plaintiff, is racially neutral.

ORDER
*Holmes v. Teer*, 2:04-cv-01308-JKS-EFB              3

race.  On the issue of discrimination, the most that could be said is that Defendant had a bias against the prison's apprenticeship program *per se*, not that the bias was racially motivated.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's request that the Court take judicial notice of the proceedings before the California Department of Industrial Relations is GRANTED;

2. Except as modified herein, the Findings and Recommendations filed August 29, 2007, are adopted;

3. Defendant's motion for summary judgment at Docket No. 31 is GRANTED in part, and DENIED, in part;

4. All federal claims raised in the Complaint are DISMISSED;

5. To the extent the Complaint raises issues of state law, the Court declines to exercise its supplemental jurisdiction and the case is remanded to the California Superior Court, Solano County; and

6. The Clerk of the Court to enter final judgment accordingly.

Dated:  February 8, 2008

                                                   s/ James K. Singleton, Jr.
                                                 JAMES K. SINGLETON, JR.
                                                 United States District Judge